**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SONOMA COUNTY LAW ENFORCEMENT ASSOCIATION; ED CLITES; SHAUN DU FOSSEE; GRANT JOHNSON; DOMINIC TAURIAN; JIM WRIGHT, <br><br> Plaintiffs - Appellants, <br><br> v. <br><br> COUNTY OF SONOMA; SONOMA COUNTY SHERIFF'S DEPARTMENT; BILL COGBILL, Sheriff, in his individual and official capacities, <br><br> Defendants - Appellees. | No. 09-16277 <br><br> D.C. No. 3:08-cv-03194-JL <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
James Larson, Magistrate Judge, Presiding

Submitted May 14, 2010[**]
San Francisco, California

Before: SILVERMAN, FISHER and M. SMITH, Circuit Judges.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Several Sonoma County correctional peace officers and their labor association appeal the district court's order granting Defendants' motion for judgment on the pleadings. The Sonoma County Sheriff's Department issued the officers identification cards stating that they are not "qualified law enforcement officers" within the meaning of the Law Enforcement Officers Safety Act of 2004, 18 U.S.C. § 926B(c). The officers brought this suit against the Sheriff and other county defendants seeking a declaration that they are in fact "qualified law enforcement officers," and an injunction preventing "Defendants from disqualifying correctional peace officers from the category of 'qualified law enforcement officers.'" The district court concluded that it lacked subject matter jurisdiction because the officers' allegations do not satisfy the standing and ripeness requirements of Article III of the U.S. Constitution. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

To satisfy the constitutional minimum for standing, a plaintiff must have suffered an "injury in fact," there must be "a causal connection between the injury and the conduct complained of," and it must be likely that the injury will be "redressed by a favorable decision." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992) (internal quotation marks and citations omitted). The officers argue

that they are suffering an "injury in fact" because the Sheriff may discipline them for carrying concealed firearms outside of California. They wish the court to review the Sheriff's policy before it has actually been enforced against them.

To establish an injury in fact when bringing a pre-enforcement challenge to a statute or regulation, the plaintiff must demonstrate that "there exists a credible threat of prosecution." *Babbitt v. United Farm Workers Nat'l Union*, 442 U.S. 289, 298 (1979). To evaluate the credibility of a threat of prosecution, courts look to 1) "whether the plaintiffs have articulated a 'concrete plan' to violate the law in question," 2) "whether the prosecuting authorities have communicated a specific warning or threat to initiate proceedings," and 3) "the history of past prosecution or enforcement under the challenged statute." *Thomas v. Anchorage Equal Rights Comm'n*, 220 F.3d 1134, 1139 (9th Cir. 2000) (en banc). A pre-enforcement challenge that does not meet this test is also unripe. *See id.*; *Cal. Pro-Life Council, Inc. v. Getman*, 328 F.3d 1088, 1093 (9th Cir. 2003) ("Whether we frame our jurisdictional inquiry as one of standing or of ripeness, the analysis is the same.").

The officers alleged generally that "Defendants' purported disqualification of Plaintiffs from the category of 'qualified law enforcement officers' has prevented them from carrying concealed firearms under 18 U.S.C. § 926B." However, they did not allege that any particular officer has a concrete plan to carry

-3-

a concealed firearm outside California. Nor did they allege that the Sheriff has communicated any threat to discipline officers that do so. There is also no allegation that the Sheriff has disciplined officers in the past for carrying concealed firearms outside California. The officers simply argue that they are obligated to follow department policy and that the Sheriff may discipline them if they do not. The officers are not suffering an injury in fact; nor is their dispute ripe for consideration. The district court therefore correctly concluded that it lacked jurisdiction and dismissed the officers' suit.

AFFIRMED.